## PAYMENTS VOLUNTARY AND OTHERWISE ON CLAIMS FOR NECESSARIES.

Court of Appeals for Stark County.

JOHN HAAS v. GEORGE HAAS.

Decided, February 8, -916.

*Necessaries—Voluntary Payment on Written Demand Not a Bar to Garnishment by Another Creditor—Purpose of the Statute Relating to Personal Earnings.*

1. Voluntary payments made by a debtor from his personal earnings, on a claim against him for necessaries, do not preclude an attachment and the subjecting of ten per cent. of such earnings to the payment of the claim of another creditor for necessaries, notwithstanding demand had been made upon him in writing for such payment by the first creditor.

2. Voluntary payments made after such demand relieve the debtor from the consequences of suit and costs, the provisions of the statutes applying where an action is brought to reach the personal earnings of the debtor, and not to cases where voluntary payments are made without reference to prior or pending attachment proceedings.

*J. W. Burris,* for plaintiff in error.
*Fisher & McCuskey,* contra.

PER CURIAM (Shields, Powell and Houck, JJ.).

Proceedings in attachment were instituted before a justice of the peace to reach 10 per cent. of the personal earnings of the debtor for necessaries. It appears that at the time such proceedings were commenced, the debtor was making voluntary payments of his personal earnings to another creditor for necessaries, who had threatened to sue and garnishee his wages upon written demand made therefor. Such attachment was discharged by the said justice of the peace, and on an appeal taken to the court of common pleas, said court reversed the judgment of the said justice of the peace discharging said judgment and ordered

said case remanded to the said justice of the peace for further proceedings. Error proceedings are prosecuted to this court to reverse the judgment of said common pleas court.

By Section 10253, General Code, a remedy is afforded for the attachment of the personal earnings of a debtor when an affidavit is filed with a justice of the peace conforming to the requirements therein stated. This is the general provision provided by statute. Section 10271, General Code, as amended (103 O. L., 567), provides that:

"The personal earnings now exempted by law, in addition to the 10 per cent. for necessaries, shall be further liable to the plaintiff for the actual costs of any proceeding brought to recover a judgment for such necessaries, in any sum not to exceed two dollars and the necessary garnishee fee. Such garnishee may pay to such debtor an amount equal to ninety per cent. of such personal earnings, less the sum of two dollars and the necessary garnishee fee of not to exceed fifty cents, if the same is demanded by the garnishee, for actual costs as herein provided, due at the time of the service of process or which may become due thereafter and before trial and be released from any further liability to such creditor, or to the court or any officers thereof, in such proceeding, or in any other proceeding, brought for the purpose of enforcing the payment of the balance of the costs due in said original action. Both the debtor and the creditor shall likewise be released from any further liability to the court or any officers thereof in such proceeding or in any other proceeding brought for the purpose of enforcing the payment of the balance of the costs due in said original action."

Section 10272, General Code, provides that:

"The person bringing an action for necessaries first must make a demand in writing for the excess over and above 90 per cent. of the personal earnings of the debtor, and such demand shall be made at least three days and not more than thirty days before such action is brought by delivering such demand to the debtor personally, or by leaving it at the debtor's usual place of residence. No cost or expense shall be chargeable to the defendant debtor in such action if upon such demand he tenders payment in money or duly accepted order, within three days after such demand, for the excess of his personal earnings above 90 per cent. thereof.

Section 10273, General Code, provides that:

"More than one such demand by the same creditor shall not be made at closer periods than thirty days. The amount demanded may be for the excess above 90 per cent. earned during the interval of thirty days. Any voluntary payment or payments made by the debtor during such interval shall be deducted from the amount which might be demanded had no payment or payments been made."

Other statutory provisions follow with reference to the duties of the garnishee, but the foregoing sections will suffice for the purpose of this case. Related as they are to the same subject-matter, we may well assume that these several sections of the statutes are to be construed together to ascertain the object of their enactment, and when so construed the legislative intent, in our judgment, will not be difficult of solution.

The foregoing legislation was obviously passed in the interest of creditors furnishing necessaries to persons whose personal earnings were theretofore protected by the exemption laws of the state, and while not saving to the debtor's family the full benefit of his labor, a small proportion of it is exacted by the laws to be applied towards satisfying the claims of the grocer or other person who may supply necessaries for his table and household. Legislation of this character has gradually found place upon our statute books from time to time, until now it is provided by said Section 10271 that in addition to the per cent. of such earnings heretofore held liable for necessaries, such earnings shall be liable for costs in a sum not to exceed two dollars in an action brought by a creditor on a claim for necessaries.

The demand mentioned in said Section 10272, General Code, is held to be jurisdictional, hence unless such demand is made as therein required, if suit be brought, the attachment can not be maintained, for said section recites that "no cost or expense shall be chargeable to the defendant debtor in such action, if upon such demand he tenders payment in money or duly accepted order, within three days after such demand, for the excess of his personal earnings above 90 per cent. thereof." It would

seem that this latter provision of said section was intended to relieve the defendant debtor from the consequences of a contested suit by the creditor. As will be seen said Section 10273 provides that not more than one demand by the same creditor shall be made at closer periods than thirty days. Grouping said sections together, then, we find that after written demand is made within the time stated, and in the absence of payment being made or tendered, or an accepted order given for the excess of the debtor's personal earnings above 90 per cent. thereof, suit may be brought therefor and a recovery had, together with the further sum of two dollars as costs, provided that no more than one such demand by the same creditor shall be made at closer periods than thirty days.

Here we have the question made whether one can make voluntary payments under a demand made for necessaries, in the absence of suit, and thus absolve himself from complying with compulsory process issued by another creditor upon a claim for necessaries furnished to the same defendant debtor while such voluntary payments are being made, at intervals of thirty days, or in other words, can such voluntary payments so made defeat a creditor from enforcing payment of his claim for necessaries furnished in an action commenced by the latter while such voluntary payments are being made? Construing Sections 10271 and 10272 together it appears that the provisions of said sections were intended to apply to and become effective in cases where action is brought to reach the personal earnings of a debtor for necessaries furnished, and not to cases where voluntary payments are made. Voluntary payments may be made, but not so as to defeat the rights of an attaching creditor under the statute, for if it were otherwise the provisions of the statute and what seems to have been the purpose of this legislation would be rendered ineffective and nugatory.

It follows that the judgment of the court of common pleas will be affirmed.